Dear Director Groneman:
You inquire whether, pursuant to K.S.A. 41-308, retail liquor licensees may give away, free of charge, from their licensed premises, alcoholic liquor in the original package.
Liquor laws generally must be read narrowly; what is not specifically authorized is prohibited. "No person shall manufacture, bottle, blend, sell, barter, transport, deliver, furnish or possess any alcoholic liquor for beverage purposes, except as specifically provided in [the Liquor Control] act. . . ."[1]
Subsection (a) — the general authorization portion of K.S.A.41-308 — establishes retail liquor licensees' rights. Notably, while it authorizes retail liquor licensees to offer for sale, sell and deliver alcoholic liquor, it does not authorize giving away such product:
 "A retailer's license shall allow the licensee to sell and offer for sale at retail and deliver in the original package, as therein prescribed, alcoholic liquor for use or consumption off of and away from the premises specified in such license. A retailer's license shall permit sale and delivery of alcoholic liquor only on the licensed premises and shall not permit sale of alcoholic liquor for resale in any form, except that a licensed retailer may:
 "(1) Sell alcoholic liquor to a temporary permit holder for resale by such permit holder; and
 "(2) sell and deliver alcoholic liquor to a caterer or to the licensed premises of a club or drinking establishment, if such premises are in the county where the retailer's premises are located or in an adjacent county, for resale by such club, establishment or caterer."
K.S.A. 41-308(b) — generally the prohibitory portion of the statute — sets out what retail liquor licensees are forbidden from doing:
 "The holder of a retailer's license shall not sell, offer for sale, give away or permit to be sold, offered for sale or given away in or from the premises specified in such license any service or thing of value whatsoever except alcoholic liquor in the original package, except that a licensed retailer may:
 "(1) Charge a delivery fee for delivery to a club, drinking establishment or caterer pursuant to subsection (a);
 "(2) sell lottery tickets and shares to the public in accordance with the Kansas lottery act, if the retailer is selected as a lottery retailer;
 "(3) include in the sale of alcoholic liquor any goods included by the manufacturer in packaging with the alcoholic liquor, subject to the approval of the director; and
 "(4) distribute to the public, without charge, consumer advertising specialties bearing advertising matter, subject to rules and regulations of the secretary limiting the form and distribution of such specialties so that they are not conditioned on or an inducement to the purchase of alcoholic liquor."
Read literally — and in isolation — K.S.A. 41-308(b) arguably would allow a retailer to give away alcoholic liquor in the original package ("shall not . . . give away . . . any . . . thing of value whatsoever except alcoholic liquor in the original package.") Given the broader context in which K.S.A.41-308(b) must be read, however, we do not believe it was intended to allow retail liquor licensees to give away free alcoholic liquor.
 "The fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. In determining legislative intent, courts are not limited to consideration of the language used in the [specific] statute [at issue] but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute might have under the various constructions suggested. . . . [T]he legislative intent is to be determined from a general consideration of the entire act."[2]
Unfortunately, because the provision at issue in K.S.A. 41-308
was enacted as part of the original Liquor Control Act more than a half century ago, no committee minutes or other records exist to explain the legislative intent. Given the general tenor of the era in which the statute was enacted, however, we do not believe the legislative intent was to allow retailers to give away free alcoholic liquor.
When the United States Congress passed the 18th Amendment to the United States Constitution, implementing prohibition of alcohol consumption, in 1917, Kansas had already had prohibition as its law for nearly forty years. And though the United States Congress passed the 21st Amendment to the United States Constitution (repealing the 18th Amendment) in 1933, Kansas did not follow suit and amend its constitution to repeal prohibition until 1948. In fact, it was among the last states in the nation to do so.[3] Even after the 1948 constitutional amendment had passed, repealing prohibition, the Kansas Supreme Court held that other laws on the books, predicated upon the earlier constitutional amendment that in 1880 had imposed prohibition, remained in effect.[4] Given the seeming reluctance with which Kansas lawmakers acted to change the state's laws from "dry" to "wet," we believe it extremely unlikely they ever contemplated that K.S.A. 41-308 would be construed so as to allow retail liquor licensees to give away
alcoholic liquor.
Our conclusion is buttressed by viewing K.S.A. 41-308(b) inpari materia with other provisions of the liquor laws. "[I]n construing statutes and determining legislative intent, several provisions of an act or acts, in pari materia, must be construed together with a view of reconciling and bringing them into workable harmony if possible."[5] K.S.A. 41-729(a), for instance, provides that, "No retailer shall sell, directly or indirectly, any alcoholic liquor at less than the acquisition cost of such liquor without first having obtained from the director a permit to do so." By including the adjectives "directly or indirectly," we believe the Legislature intended to prevent retail liquor licensees from not only selling their products for prices below acquisition cost, but also from giving away their products.
Furthermore, at least two provisions of an Alcoholic Beverage Control (ABC) administrative regulation implementing K.S.A.41-308 apparently prohibit retail liquor licensees from giving away alcoholic liquor. Just like statutes, "[a]dministrative regulations have the force and effect of law."[6] The first provision says a retailer shall not "directly or indirectly offer, furnish or sell any alcoholic liquor at less than its acquisition cost plus enforcement tax."[7] Much of the language of this provision would be superfluous unless it was intended to prevent retailers from giving away or in any way conveying alcoholic liquor without requiring as payment at least retailers' cost plus enforcement tax for the product. The second provision prohibits selling on credit and specifically indicates that allowing removal of any alcoholic liquor from the premises without receiving payment for it is considered selling on credit.[8]
Finally, the Kansas liquor laws are rife, at all levels of the three-tier system, with prohibitions against any act that theoretically might encourage the purchase or consumption of alcoholic liquor. Retailers are even restricted in what itemsother than alcoholic liquor they may give away for free. While K.S.A. 41-308(b)(3) and (4) authorize retail liquor licensees to give away certain items that manufacturers include and package along with alcoholic liquor, as well as "consumer advertising specialties" such as alcoholic liquor-branded ashtrays or cork screws, doing so is subject to numerous conditions and prerequisites.[9] Given this backdrop of temperance-oriented liquor laws, we believe K.S.A. 41-308(b) was intended not to allow retailers to give away free alcoholic liquor, but rather to limit what other items or services they could provide.
In summary, given the historic context in which K.S.A.41-308(b) was enacted, and when reading it in pari materia with related provisions, we do not believe that provision authorizes retail liquor licensees to give away alcoholic liquor products for free.
Sincerely,
Phill Kline Attorney General
Laura M. Graham Assistant Attorney General
PK:JLM:LMG:jm
[1] K.S.A. 41-104.
[2] Jones v. Kansas State Univ., 279 Kan. 128, 145 (2005).
[3] David E. Kyvig, Repealing National Prohibition 188 (2nd
Ed. 2000).
[4] Manning v. Davis, 166 Kan. 278, 283 (1948).
[5] State ex rel. Morrison v. Oshman Sporting Goods Co.,275 Kan. 763, 768 (2003).
[6] In re City of Wichita, 277 Kan. 487 (2004).
[7] K.A.R. 14-13-13(g).
[8] K.A.R. 14-13-13(p)(6).
[9] See, e.g., K.A.R. 14-13-13(g)(1) and (2), K.A.R.14-10-11.